### BAXTER *v.* BAXTER.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

In an action upon a promissory note, plaintiff, her husband, and her father testified to the execution of the note by defendant, which he denied, as he did also making the payments on the note testified to by plaintiff. *Held,* that a verdict for the defendant should not be set aside as being opposed to the evidence.

Appeal from circuit court, Dutchess county; T. F. BARNARD, Justice.

Action by Laura P. Baxter against James Baxter, her father-in-law, upon a promissory note for $550. The evidence of defendant directly contradicted that of plaintiff, not only on the question of the execution of the note, but upon the payments testified to by plaintiff. Verdict for defendant, and judgment thereon, from which plaintiff appeals.

*A. M. & G. Card,* for appellant. *J. W. Bartrum,* for respondent.

DYKMAN, J. This was an action on a promissory note which the plaintiff claimed was given to her by the defendant in settlement of a claim which she made for damages for slanderous words spoken of her by the wife of the defendant. The defendant denied the making of the note; and, when the cause came to trial at the circuit, three witnesses testified to the making of the note by the defendant, and he testified that he never made the note, and denied all the circumstances detailed by the witnesses for the plaintiff. The jury rendered a verdict for the defendant, and the plaintiff has appealed. The preponderance of the testimony which fell from the lips of witnesses was in favor of the plaintiff, but there were so many circumstances connected with the transaction from which different inferences might be drawn, and so much to be deduced from the relations of the parties, that it would be dangerous for an appellate tribunal to say the jury had reached an unjust and improper conclusion. The question of consideration was taken from the jury, and the trial judge in his charge instructed the jury, if the defendant made the note, there was sufficient consideration to uphold the same. We must therefore assume that the jury found for the defendant on the main question, and we cannot interfere with the verdict. The judgment and order denying the motion for a new trial on the minutes should be denied, with costs.